# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| TYNISHA LATRICE REINERIO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) NO. 15-CV-161-FJG |
| | ) |
| THE BANK OF NEW YORK MELLON f/k/a | ) |
| THE BANK OF NEW YORK, SOUTH | ) |
| & ASSOCIATES, P.C., and BANK OF | ) |
| AMERICA, N.A., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER

Currently pending before the Court is defendant Bank of America, N.A.'s ("BANA's") and Bank of New York ("BONY's") Motion to Dismiss (Doc. # 3) Plaintiff's Motion to Strike (Doc. # 7), defendant SouthLaw P.C. ("South's) Motion to Dismiss (Doc. # 9), Plaintiff's Motion to Remand (Doc. # 13), BANA and BONY's Motion to Strike Amended Complaint (Doc. # 18), SouthLaw's Motion to Join BANA and BONY's Motion to Strike (Doc. # 19), plaintiff's Motion to Compel Discovery (Docs. # 21, 22), Plaintiff's Motion to Amend (Doc. # 27), plaintiff's Motion for a Hearing (Doc. # 28), plaintiff's Motion for a Protective Order (Doc. # 32), defendant's Motion for Extension of Time to Respond to Protective Order (Doc. # 44), Defendant's Motion to Stay Discovery Pending Ruling on Motion to Dismiss (Doc. # 48), Plaintiff's Motions to Compel (Docs. 51, 52, 53, 62) and Plaintiff's Motion to Strike Motion to Stay (Doc. # 54).

## I. BACKGROUND

On December 16, 2014, plaintiff filed a petition in Jackson County Circuit Court to enjoin non-judicial foreclosure of her property located at 13128 Ashland Avenue, Grandview, Missouri. In the petition, plaintiff named BONY, BANA, South & Associates, P.C. and Corelogic[1] as defendants. In her original petition, plaintiff asserted that the defendants could not produce Proof of Claim to support the non-judicial foreclosure proceedings. Plaintiff alleged that the mortgage holder sold the original note and failed to give credit to plaintiff's account. Plaintiff also alleged that the defendants did not own the mortgage, mortgage note or any security agreements and did not have proper proof of claim. BONY was served on February 3, 2015, BANA was served with the petition on February 5, 2015. Defendants BANA and BONY removed the case to this Court on March 5, 2015. In their Notice of Removal, defendants state that the Court has diversity jurisdiction, because Plaintiff is a resident of Kansas, BANA is a federally chartered bank located in North Carolina, BONY is a Delaware corporation with its principal place of business in New York. Defendants argue that even though South & Associates is a Missouri company, its citizenship should be disregarded because it was fraudulently joined. Additionally, defendants state that the amount in controversy is met because plaintiff executed a Deed of Trust in the amount of $97,750.00.

## II. STANDARD

To survive a motion to dismiss under 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662,129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167

---

[1] Corelogic was dismissed as a defendant on May 21, 2015.

L.Ed.2d 929 (2007)). A pleading that merely pleads "labels and conclusions" or a "formulaic recitation" of the elements of a cause of action, or "naked assertions" devoid of "further factual enhancement" will not suffice. Id. (quoting Twombly). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Under Fed. R. Civ. P. 12(b)(6) we must accept the plaintiff's factual allegations as true and grant all reasonable inferences in the plaintiff's favor. Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005).

### III.  DISCUSSION

**A. Defendants' Motions to Dismiss / Defendants' Motion to Strike Amended Complaint / Plaintiff's Motion to Amend**

Defendants move to dismiss plaintiff's petition arguing that plaintiff has failed to plead any facts to support her claims, she has failed to plead a wrongful foreclosure claim, she cannot establish a wrongful foreclosure claim seeking either damages or equitable relief and neither BANA nor BONY were required to present the original promissory note prior to the foreclosure sale. In response, plaintiff states that she had "clearly plead Declaratory Judgment, Wrongful Foreclosure, Abuse of Process and Negligent Misrepresentation, all valid causes of action against Defendants in her Amended Complaint filed March 5, 2015." Plaintiff then attached a copy of the Amended Complaint to her suggestions in opposition. In reply, defendants state that the Amended Complaint was filed in Jackson County Circuit Court on the same day as the case was removed to federal court. They state that they had not been served with this Amended Complaint at the time the case was removed, so the Amended Complaint is not properly before the Court. However, they indicate that if the Court is inclined to

3

consider the Amended Complaint, they reserve the right to file a supplemental motion to dismiss to address any new claims presented.

On March 31, 2015, plaintiff filed an Amended Complaint with this Court. Defendants' filed a Motion to Strike the Amended Complaint, arguing that pursuant to Fed.R.Civ.P. 15(a)(1), a party is allowed to amend its pleading "once as a matter of course within (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e) or (f), whichever is earlier." BONY states that it was served with plaintiff's petition on February 3, 2015 and BANA was served on February 5, 2015. Thus, pursuant to the first clause of Fed.R.Civ.P. 15(a)(1), they state that plaintiff had until February 24, 2015 to amend her petition.

Plaintiff states that she filed her Amended Complaint in Jackson County Circuit Court on March 5, 2015, prior to defendants removing the case to this Court. Plaintiff states that she filed this Amended Complaint because at the time she filed her initial petition, she did not realize that the sale of the property had already taken place at the time of the filing of her petition. Plaintiff states that she agrees that her initial petition (to enjoin non-judicial foreclosure) is not actionable and that is why she filed an Amended Petition - to reflect that the house had already been sold. On April 22, 2015, plaintiff filed a Motion for Leave to file an Amended Petition. The defendants filed no opposition to this motion.

The Court disagrees with defendants that plaintiff's Amended Complaint was untimely filed. Fed.R.Civ.P. 15(a) states in part:

> **(a) Amendments Before Trial**.
> **(1) Amending as a Matter of Course.** A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e) or (f), whichever is earlier.

The language "whichever is earlier" thus applies only to the language in subsection (b), so plaintiff could have amended her pleading within 21 days after service of a responsive pleading or 21 days after service of a motion to dismiss. In this case, BANA and BONY filed a Rule 12(b)(6) motion to dismiss on March 12, 2015 and South filed a Rule 12(b)(6) motion to dismiss on March 20, 2015, thus, adding 21 days to the earliest date a motion to dismiss was filed, means that plaintiff had until April 2, 2015 to file her Amended Petition. Plaintiff filed her Amended Petition on March 31, 2015. Therefore, the Court finds that the Amended Petition was timely filed.

Accordingly, the Court hereby **DENIES** BANA and BONY's Motions to Dismiss (Doc. # 3) and South's Motion to Dismiss (Doc. # 9), as these motions were based on plaintiff's initial petition and not on the Amended Petition. Defendants shall have until **July 31, 2015** to answer or otherwise respond to plaintiff's Amended petition.

The Court also **DENIES** BANA and BONY's Motion to Strike the Amended Complaint (Doc. # 18) and **DENIES AS MOOT** SouthLaw's Motion to Join BANA and BONY's Motion to Strike (Doc. # 19). Plaintiff's Motion to Amend is hereby **DENIED AS MOOT** (Doc. # 27), as the Amended Complaint was timely filed on March 31, 2015.

### B. Plaintiff's Motion to Strike Notice of Removal / Motion to Remand

Plaintiff moves to strike the Notice of Removal because she states that defendants

were aware that the Notice of Removal contained false statements at the time of filing. Plaintiff first asserts that the defendants lost their right to remove on January 15, 2015, because a defendant only has 30 days to remove the case after receipt of a pleading setting forth a removable claim. Plaintiff also argues that removal is improper because she has asserted claims against the Missouri based company, South & Associates.

In opposition, defendants state that removal was timely, because BONY was served with the petition on February 3, 2015 and BANA was served on February 5, 2015. The case was removed on March 5, 2015, thus defendants argue that pursuant to 28 U.S.C. § 1446(b), removal was timely. Defendants also argue that South & Associates was fraudulently joined, and thus its citizenship should be disregarded. Defendants argue that South & Associates has no ownership interest in the property and thus plaintiff cannot assert a claim for relief against the trustee. South also states that Missouri courts have determined that wrongful foreclosure claims do not apply to trustees. Even considering the Amended Petition, defendants state that plaintiff cannot assert a defamation claim against South because plaintiff has not alleged any facts that would indicate that South had knowledge of anything that would legally prevent foreclosure at the time it published the notice of sale.

**1. Removal Principles**

A defendant may remove a state court action to federal court based on diversity of citizenship when the matter in controversy exceeds $75,000 exclusive of interest and costs and is between citizens of different states. See 28 U.S.C. § 1332(a)(1). A corporation is a citizen of its state of incorporation and also of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). It is defendant's burden to prove

6

that removal is proper and that all prerequisites are satisfied. See generally Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). The removal statute is to be narrowly construed, and any doubt about the propriety of removal is resolved in favor of state court jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); In re Business Men's Assur. Co. Of America, 992 F.2d 181, 183 (8th Cir. 1993).

> The Eighth Circuit has held that where a complaint alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party 'must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.' Eg., In re Minnesota Mut. Life Ins. Co. Sales Practices Litig., 346 F.3d 830, 834 (8th Cir. 2003); Drobnak v. Andersen Corp., 561 F.3d 778, 786 (8th Cir. 2009); James Neff Kramper Family v. IBP, Inc., 393 F.3d 828, 831 (8th Cir. 2005); State of Mo. ex rel. Pemiscot County, Mo. v. Western Sur. Co., 51 F.3d 170, 173 (8th Cir. 1995) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936)). To satisfy the preponderance of the evidence standard, the party seeking removal must offer "some specific facts or evidence demonstrating that the jurisdictional amount has been met." Hill v. Ford Motor Co., 324 F.Supp. 2d 1028, 1036 (E.D. Mo. 2004). The Court will apply the preponderance standard to this case consistent with the Eighth Circuit case law.

Zeno v. Johnson Controls, Inc., No. 15-CV-6007-SJ-FJG, 2015 WL 3717152, *2 (W.D.Mo. June 15, 2015)

**2. Timeliness**

Plaintiff states that the defendants forfeited their right to remove on January 15, 2015. Plaintiff states that "[a] defendant loses the right to remove if he does not do so within 30 days after receipt of the first pleading that sets forth on its face a removable claim." (Plaintiff's Motion to Strike). Presumably, plaintiff argues that the right to remove expired on January 15, 2015, because she filed her petition in Jackson County Circuit court on December 16, 2014. In Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P., 254 F.3d 753 (8th Cir. 2001), the court examined the question of

7

whether the removal was timely when multiple defendants were served at different times. The Court noted that in <u>Murphy Bros. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999), the Supreme Court found:

> that formal process is required, noting the difference between mere notice to a defendant and official service of process: "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." . . .Thus, a defendant is "required to take action" as a defendant- that is, bound by the thirty-day limit on removal- "only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend."

<u>Id</u>. at 756, (quoting <u>Murphy Bros.</u>, 526 U.S. at 350, 119 S.Ct. 1322).

Defendants state that South & Associates was served on January 6, 2015, BONY was served on February 3, 2015 and BANA was served on February 5, 2015. Defendants BONY and BANA, with South's consent, filed the Notice of Removal on March 5, 2015, which was within the thirty day time period from the date the last defendant was served. Thus, the Court finds that defendants' Notice of Removal was timely filed.

**3. Diversity Jurisdiction**

Plaintiff states that defendant South & Associates is a citizen of the state of Missouri, thus there is no diversity amongst the parties. The Court presumes that plaintiff is alleging that she was a Missouri resident at the time that she filed her Petition, as that is the location of the property in question, however this fact is not stated in either the initial petition or amended petition. Plaintiff asserts that she did not fraudulently join South & Associates because the petition pleads a valid cause of action for declaratory judgment, wrongful foreclosure and defamation against this defendant. (Plaintiff's Motion to Remand).

8

Defendants state that South & Associates' citizenship must be disregarded because plaintiff did not set forth any allegations or cause of action in her initial petition against this defendant. Additionally, defendants argue that courts in Missouri have found trustees to be nominal parties whose citizenship is not considered for purposes of determining jurisdiction. Defendants then go on to argue that plaintiff cannot assert claims against South & Associates for declaratory judgment, wrongful foreclosure and defamation.

South & Associates was the successor trustee under the deed the trust securing the mortgage on the property in question. In Timber Point Properties III, LLC v. Bank of America, N.A., No. 13-CV-349-S-DGK, 2014 WL 2584825 (W.D.Mo. June 10, 2014), the Court stated:

> In determining whether diversity exists, the court disregards the nominal parties and rests jurisdiction upon the citizenship of the real parties in interest. Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 460-61 (1980). Under Missouri law the trustee to a deed of trust is not an indispensable party to an action affecting a deed of trust. Caranchini v. Kozeny & McCubbin, LLC, No. 4:11-CV-464-DGK, 2011 WL 5921364, at *3 (W.D.Mo. Nov. 28, 2011)(citing Libby v. Uptegrove, 988 S.W.2d 131,132 (Mo.Ct.App. 1999)). Therefore, the court may ignore the citizenship of a trustee who "has no ownership in [the p]laintiff's property" and "has no independent right to sell or dispose of the property under the deed of trust." Id.

Id. at *2. Similarly, in Simms v. Nationstar Mortg., LLC, No. 4:14-CV-243 CAS, 2014 WL 1515881 (E.D.Mo. Apr. 18, 2014), where South & Associates was the successor trustee, the Court stated:

> South, as successor trustee under the deed of trust, is merely a nominal party to this action. Although the trustee of a deed of trust can be a proper defendant in a Missouri action to set aside a foreclosure sale, Casper v. Lee, 362 Mo. 927, 245 S.W.2d 132,138 (Mo.1952)(en banc), it is well established that the trustee is not an indispensable or even a necessary party without whose presence there could not be a complete

9

> determination of the controversy. Id. . . . Even where a trustee is alleged to have committed misconduct in carrying out his duties, as here, the trustee remains a nominal party who is not necessary to a complete determination of the controversy.

Id. at *3-4 (internal citations omitted). The Court in that case disregarded South's citizenship in determining whether diversity jurisdiction existed. Similarly, in this case, because South & Associates was also acting as a successor trustee in this instance, the Court finds that it was a nominal party, whose Missouri citizenship is not considered. Therefore, because the Court finds that there is complete diversity amongst the parties, the amount in controversy exceeds $75,000.00 and the Notice of Removal was timely filed, the Court finds that jurisdiction in this case is proper. Accordingly, the Court hereby **DENIES** plaintiff's Motion to Strike Notice of Removal (Doc. # 7), **DENIES** plaintiff's Motion to Remand (Doc. # 13) and **DENIES** plaintiff's Motion for a Hearing regarding the Motion to Remand (Doc. # 28).

### C. Defendant's Motion to Stay Discovery

Defendants BONY and BANA have filed a Motion to Stay Discovery pending resolution of their Motion to Dismiss. Defendants state that if the Motion to Dismiss is granted, it would resolve the litigation in its entirety. If discovery is allowed to proceed, it would cause the parties to expend unnecessary time and resources if the motion is eventually granted. Plaintiff opposes the motion for an extension of time, arguing that the motion to stay was filed for the purpose of delaying these proceedings even further. "A district court has broad powers of case management, including the power to limit discovery to relevant subject matter and to adjust discovery as appropriate to each phase of litigation." Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc., 200 F.3d 795, 803-04 (Fed.Cir.1999). In TE Connectivity Networks, Inc. v. All Systems Broadband, Inc., Civ.

10

No. 13-1356 ADM/FLN, 2013 WL 4487505, (D.Minn. Aug. 20, 2013), the Court noted that in cases where courts have stayed discovery, they have done so for specific reasons, such as when a statute calls for an automatic stay of discovery or in cases where there is an issue of qualified immunity. The Court noted that "a court may stay discovery for good cause shown. However, 'it, of course, is black letter law that the mere filing of a motion to dismiss the complaint does not constitute 'good cause' for the issuance of a discovery stay.'" Id. at *2 (quoting Chesney v. Valley Stream Union Free Sch. Dist. No. 24, 236 F.R.D. 113, 115 (E.D.N.Y.2006)). In Ministerio Roca Solida v. U.S. Dept. of Fish & Wildlife, 288 F.R.D. 500, 502 (D.Nev.2013), the Court stated, "to establish good cause for a stay, the moving party must show more than an apparently meritorious Rule 12(b)(6) motion." In the instant case, defendants have offered no other reason, other than the fact that they have filed what they believe to be a meritorious motion to dismiss, as a basis for staying this action. Accordingly, the Court finds that because defendants have not met their burden to show that the circumstances of this case justify granting a stay of discovery, the Motion to Stay is hereby **DENIED** (Doc. # 48), and Plaintiff's Motion to Strike Motion to Stay is hereby **DENIED** (Doc. # 54).

### D. Plaintiff's Motions to Compel

Plaintiff has filed six motions to compel discovery. Plaintiff's first two motions (Docs. # 21, 22) were filed on April 14, 2015. Plaintiff moved to compel responses from the defendants because she believed that defendants failed to respond to her requests for production within 30 days as required under the Rules. Defendants respond stating that plaintiff's discovery requests are premature and because the parties have not had their Rule 26(f) meeting, they are not required to respond to plaintiff's discovery requests.

Accordingly, because the Court finds that these discovery requests were prematurely filed, the Court hereby **DENIES** plaintiff's Motions to Compel (Docs. # 21, 22).

In her third motion to compel, plaintiff requests that the Court compel South & Associates to respond to her requests for production which she alleges she served on South on April 22, 2015. In opposition, South states that plaintiff has not complied with Local Rule 37.1 regarding this motion to compel. Additionally, South states that plaintiff served South with a request for production of documents on March 5, 2015. South states that it served plaintiff with its responses on April 3, 2015. South acknowledges that plaintiff refers to a request for production which she claims she served on April 22, 2015. However, South states it has no record of ever receiving any additional requests for production on that date. South states that it has responded to the requests for production which were properly served upon it and plaintiff has offered no reason why these responses are insufficient. South attached a copy of its responses which were sent to plaintiff on April 3, 2015. Accordingly, because defendant has already responded to the requests for production, the Court hereby **DENIES AS MOOT** plaintiff's Motion to Compel South & Associates to respond (Doc. # 51).

Plaintiff filed two additional motions to compel discovery from defendants BONY and BANA on June 24, 2015. In both motions, plaintiff states that she served requests for production on both defendants on May 5, 2015 and neither defendant responded within the time provided under the Federal Rules. Defendants state plaintiff has failed to comply with Local Rule 37.1 and discovery is inappropriate because plaintiff's petition fails to state a claim.

Plaintiff filed a sixth motion to compel against South & Associates on July 6, 2015

stating that defendant has failed to provide timely written responses to requests for production filed on May 5, 2015.

Western District of Missouri Local Rule 37.1 states:

**(a)** Except when authorized by an order of the Court, the Court will not entertain any discovery motions, until the following requirements have been satisfied:

1. Counsel for the moving party has in good faith conferred or attempted to confer **by telephone** or **in person** with opposing counsel concerning the matter prior to the filing of the motion. Merely writing a demand letter is not sufficient. Counsel for the moving party shall certify compliance with this rule in any discovery motion. See Rule 26(c), Federal Rules of Civil Procedure and Crown Center Redevelopment Corp. v. Westinghouse Elec., 82 F.R.D. 108 (W.D. Mo. 1979); and

2. If the issues remain unresolved after the attorneys have conferred in person or by telephone, counsel shall arrange with the Court for an immediate telephone conference with the judge and opposing counsel. No written discovery motion shall be filed until this telephone conference has been held.

(W.D.Mo. Local Rule 37.1)(emphasis added).

The Court understands that because plaintiff is proceeding pro se she may not be familiar with all of the Western District of Missouri Local Rules, but these rules are readily available from the Court's website or the Clerk's office and plaintiff is expected to know and comply with these rules even though she is proceeding pro se. Accordingly, the Court hereby **DENIES** the Motions to Compel (Docs. # 52, 53 and 62) filed by plaintiff for failing to comply with Local Rule 37.1.

### E. Protective Order

Also pending before the Court is plaintiff's Motion for a Protective Order and defendants' Second Motion for an Extension of Time to Respond to Plaintiff's Motion for a Protective Order. On June 19, 2015, the Court entered a Protective Order which was agreed to by the parties (Doc. # 46). Accordingly, the Court hereby **DENIES AS MOOT**

13

plaintiff's Motion for a Protective Order (Doc. # 32) and defendants' Second Motion for an Extension of Time to Respond to Plaintiff's Motion for a Protective Order (Doc. # 44).

## IV.     CONCLUSION

Accordingly, for the reasons stated above, the Court hereby **DENIES** BANA and BONY's Motions to Dismiss (Doc. # 3) and South's Motion to Dismiss (Doc. # 9), as these motions were based on plaintiff's initial petition and not on the Amended Petition. Defendants shall have until **July 31, 2015** to answer or otherwise respond to plaintiff's Amended petition.

The Court also **DENIES** BANA and BONY's Motion to Strike the Amended Complaint (Doc. # 18) and **DENIES AS MOOT** SouthLaw's Motion to Join BANA and BONY's Motion to Strike (Doc. # 19).  Plaintiff's Motion to Amend (Doc. # 27) is hereby **DENIED AS MOOT** (Doc. # 27), as the Amended Complaint was timely filed on March 31, 2015.

The Court also **DENIES** plaintiff's Motion to Strike Notice of Removal (Doc. # 7), **DENIES** plaintiff's Motion to Remand (Doc. # 13) and **DENIES** plaintiff's Motion for a Hearing regarding the Motion to Remand (Doc. # 28).

As the Court found that defendants did not met their burden to show that the circumstances of this case justify granting a stay of discovery, defendants' Motion for a Stay is hereby **DENIED** (Doc. # 48) and plaintiff's Motion to Strike Motion to Stay is **DENIED** (Doc. # 54).

As the parties were able to reach agreement on a Protective Order, the Court hereby **DENIES AS MOOT** plaintiff's Motion for a Protective Order (Doc. # 32) and defendants' Second Motion for an Extension of Time to Respond to Plaintiff's Motion for a Protective

14

Order (Doc. # 44).

Finally, because plaintiff failed to comply with Local Rule 37.1 regarding discovery motions, plaintiff's Motions to Compel are hereby **DENIED** (Docs. # 21, 22, 51, 52, 53 and 62).


Date: July 20, 2015  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**  
Fernando J. Gaitan, Jr.  
United States District Judge