# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| TYNISHA LATRICE REINERIO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) NO. 15-CV-161-FJG |
| | ) |
| THE BANK OF NEW YORK MELLON f/k/a | ) |
| THE BANK OF NEW YORK, SOUTH | ) |
| & ASSOCIATES, P.C., and BANK OF | ) |
| AMERICA, N.A., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Currently pending before the Court is Defendant SouthLaw, P.C. ("South's")

Motion to Dismiss (Doc. # 71); Bank of America N.A. ("BANA") and The Bank of New

York Mellon ("BONY's") Motion to Dismiss (Doc. # 74); plaintiff's motions in limine

(Docs. 116,117,118,119 and 126); BONY and BANA's Motions to Stay Briefing on the

Motions in Limine (Doc. # 158, 160); BANA's Motion for Extension of Time to File

Response to Plaintiff's Interrogatories (Doc. # 159); Plaintiff's Motions to Compel

Discovery (Doc. # 179, 182, 210, 215, 227, 244); plaintiff's Motion for In Camera

Inspection (Doc. # 181), plaintiff's Motion for Leave to  Amend (Doc. #191) plaintiff's

Motion for Reconsideration (Doc. # 198) and BONY's Motion to Substitute Attorney

(Doc. # 121).

## I. BACKGROUND

On February 15, 2005, plaintiff signed a promissory note and deed of trust to

Countrywide Home Loans, Inc. d/b/a America's Wholesale Lender to refinance property

located at 13128 Ashland Avenue, Grandview, Missouri 64030.  (Amended Petition, ¶¶ 2, 5). On February 13, 2012, Mortgage Electronic Registration Systems, Inc., as nominee for America's Wholesale Lender assigned the Mortgage/Deed of Trust on the property to The Bank of New York Mellon.  Non-judicial foreclosure of the property occurred on December 4, 2014.  On December 16, 2014, plaintiff filed a petition in Jackson County Circuit Court to enjoin the foreclosure of the property.  Defendants BONY and BANA removed the case to this Court on March 5, 2015.  On July 20, 2015, the Court denied defendants' motions to dismiss, because they were based on plaintiff's initial petition, not on plaintiff's Amended Petition.  The Court granted the defendants a period of additional time to answer or otherwise respond to the Amended Petition.  The Court now considers on the merits, the defendants' Motions to Dismiss.

## II. STANDARD

To survive a motion to dismiss under 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662,129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  A pleading that merely pleads "labels and conclusions" or a "formulaic recitation" of the elements of a cause of action, or "naked assertions" devoid of "further factual enhancement" will not suffice.  Id. (quoting Twombly).  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.  Under Fed. R. Civ. P. 12(b)(6) we must accept the plaintiff's factual allegations as true and grant all reasonable inferences in the plaintiff's favor.  Phipps v. FDIC, 417

F.3d 1006, 1010 (8th Cir. 2005).

## III. DISCUSSION

### A. BANA/BONY's Motion to Dismiss

#### 1. Count II- Wrongful Foreclosure

Plaintiff alleges in the "General Factual Allegations" section of her Complaint that she was not in default at the time of non-judicial foreclosure nor was she in default at the time of publication advertising the Trustee's Sale of the property. (Amended Petition, ¶¶ 6-7). In Count II, plaintiff also alleges that the defendants failed to comply with the Pooling and Service Agreements during the securitization process, which required delivery of the actual mortgage documents. She also alleges that defendants never owned or purchased the note and never had a right or interest in the note, so the non-judicial foreclosure was void. (Amended Petition, ¶¶ (11-13, 46-49).

Defendants argue that plaintiff has offered no factual support for her assertion that she was not in default under the note. In response plaintiff points to the statements contained in ¶¶ 6-7 of the General Factual Allegation section of the Complaint. In order to clarify this issue of whether plaintiff was in default at the time of the foreclosure, the Court requested that the parties provide additional briefing on this issue. On November 16, 2015, plaintiff responded stating that she made all scheduled payments when due. She states that she was not in default on the date of foreclosure or at the time of publication advertising the Trustee's Sale of the property. Plaintiff asserts that she maintained a record of her payment history until her storage space was compromised and this resulted in the loss of her payment records. Plaintiff also alleges that she has been prejudiced because she has not been able to obtain records from either Ticor Title

3

or Countrywide Home Loans, Inc., showing the payments she made on the loan. However, as BONY notes, this fact is irrelevant because neither Ticor Title nor Countrywide Home Loans, Inc. would have records related to the issue of whether plaintiff was in default. BONY states that Bank of America was the loan servicer for plaintiff's account during the relevant time period. Plaintiff did attach as an exhibit to her response, a Bank of America Loan History Statement which provides a history of the transactions related to her loan from February 28, 2005 (the date of the loan closing), through December 8, 2014 (the date of the foreclosure sale). The Loan History statement reflects that plaintiff made only two payments in 2013 and made no payments on the loan in 2014. (Plaintiff's Response to Court's Order, Exhibit 8, p. 9-11). Defendants BONY and BANA argue that this exhibit demonstrates that contrary to plaintiff's assertions and claims, she actually was in default at the time of the non-judicial foreclosure. The Court agrees and finds that plaintiff has failed to state a claim for wrongful foreclosure, because she has failed to show that she was not in default.

Alternatively, defendants argue that plaintiff's wrongful foreclosure claim should be dismissed because she lacks standing. Defendants argue that courts in the Eighth Circuit have held that debtors lack standing to challenge defendants' compliance with pooling and servicing agreements.

Plaintiff argues in opposition that Missouri caselaw provides that one of the circumstances which may render a foreclosure sale void arises when "the foreclosing party does not hold title to the secured note." Williams v. Kimes, 996 S.W.2d 43,45 (Mo. banc. 1999); Morris v. Wells Fargo Home Mortg., No. 4:11CV1452-CEJ, 2011 WL 3665150 at *2 (E.D.Mo. Aug. 22, 2011). Plaintiff argues that because the defendants did

4

not comply with the terms of the Pooling & Service Agreements, they did not have possession of the note and if they did not possess the note, then plaintiff could be subject to multiple enforcements of the note.

In Schwend v. U.S. Bank, N.A., No. 4:10CV1590CDP, 2013 WL 686592 (E.D.Mo. Feb.26, 2013), the Court stated, "'A judicial consensus has developed holding that a borrower lacks standing to (1) challenge the validity of a mortgage securitization or (2) request a judicial determination that a loan assignment is invalid due to noncompliance with a pooling and servicing agreement.'" Id. at *3 (quoting Metcalf v. Deutsche Bank Nat. Trust Co., No. 3:11CV3014D, 2012 WL 2399369, at *4 (N.D.Tex. June 26, 2012)).  Similarly, in Millon v. JP Morgan Chase Bank, N.A., 518 Fed. Appx. 491, 496 (8th Cir. 2013), the Court found that the plaintiff in that case failed to explain how the "note was securitized and transferred" had any "legal significance that impacts [the note holder's] right to enforce the note."  See also, Banks v. HSBC Bank USA, N.A., No. 14-000139-CV-W-JTM, 2014 WL 4829541, *2 (W.D.Mo. Sept. 29, 2014)(same). See also Bailey v. Deutsche Bank Trust Co. Americas, No. 15-0014-CV-W-ODS, 2015 WL 1097393, *3, (W.D.Mo. Mar. 11, 2015)(same).

Courts have also rejected plaintiff's claim that the defendants needed to have ownership or title to a note.  In Barnes v. Federal Home Mortg. Corp., No. 5:12-CV-06062-DGK, 2013 WL 1314200 (W.D.Mo. Mar. 28, 2013), aff'd, 550 Fed.Appx. 340 (8th Cir. 2014), the plaintiff alleged that since the Note had not been specifically endorsed in defendants' favor, the defendants did not own or hold title to the Note and could not foreclose on the property.  The Court stated that there was "no merit to this argument." Id. at *4.  The Court noted that:

[u]nder Missouri's enactment of U.C.C. Article 3, the Note is a negotiable instrument, thus, §400.3-301 governs who may enforce it and foreclose on the Property. . . .Under Missouri law, a special endorsement is not necessary to enforce a negotiable instrument.  Although Plaintiff has cited a number of cases, none of them state that the holder of a note that has been endorsed in blank is forbidden from enforcing the note through the foreclosure process. On the contrary, MoRev.Stat.§ 400.3-301 recognizes that the holder of a note endorsed in blank can enforce it.  Accordingly, this portion of the Complaint fails to state a claim.

Id. at *5 (internal citations omitted).  Similarly, in the case In re Washington, 468 B.R. 846 (W.D.Mo. Dec.1, 2011), aff'd sub nom Washington v. Deutsche Bank Nat. Trust Co., No. 11-01278-CV-FJG, 2012 WL 4483798 (W.D.Mo. Sept. 28, 2012), the Court explained:

Under Mo.Rev.Stat. § 400.3–301, a "Person entitled to enforce" an instrument is defined as "(i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 400.3–309 or 400.3–418(d). *A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.*" "Holder" with respect to a negotiable instrument, means the person in possession if the instrument is payable to bearer. "If a negotiable instrument has been endorsed in blank,[1] as the Note in this case has been, the instrument becomes payable to 'bearer' and may be negotiated by transfer of possession alone."[2] "If an instrument is payable to bearer, it may be negotiated by transfer of possession alone."[3] Finally, under Missouri law, a party entitled to enforce a note is also entitled to enforce the deed of trust securing that note, regardless of whether that transfer is recorded. "Possession of the note insures that this creditor, and not an unknown one, is the one entitled to exercise rights under the deed of trust, and that the debtor will not be obligated to pay twice."

Id. at 853 (internal citations omitted). The Note at issue in this case was attached as an exhibit to the Motion to Dismiss.  On the last page of the Note, it states:

---

[1] A "blank endorsement" is an endorsement which does not identify a person to whom the instrument is payable. See Mo.Rev.Stat. § 400.3-205(b).
[2] Mo.Rev.Stat.§ 400.3-205(b).
[3] Mo.Rev.Stat.§ 400.3-201(b).

6

Pay to the Order Of

_____
WITHOUT RECOURSE
Countrywide Home Loans, Inc., a New York Corporation Doing Business
as America's Wholesale Lender

The Note is signed by David A. Spector, Managing Director.  Defendants state

that BONY was the "holder" of the note at the time of foreclosure and because the note

in this case is endorsed in blank, the Court finds that BONY had the right to enforce it.

As discussed above, the Court finds that plaintiff lacks standing to challenge the

note securitization process or the defendants' compliance with the Pooling and Service

agreements.  As the Court noted in Banks v. HSBC Bank USA, N.A., 2014 WL

4829541, *2 "[w]hen a party lacks standing to assert a claim, the Court lacks subject

matter jurisdiction over such a claim."  Accordingly, the Court hereby finds that plaintiff

has failed to state claim for wrongful foreclosure and thus **GRANTS** defendants' Motion

to Dismiss Count II.

### 2. Count III - Abuse of Process

The elements of an abuse of process claim include the following:

(1) the present defendant made an illegal, improper, perverted use of
process, a use neither warranted nor authorized by the process; (2) the
defendant had an improper purpose in exercising such illegal, perverted or
improper use of process; and (3) damage resulted.

Stafford v. Muster, 582 S.W.2d 670, 678 (Mo. banc 1979). "The phrase 'use of process,'

appearing in element (1) above, refers to some willful, definite act not authorized by the

process or aimed at an objective not legitimate in the proper employment of such

process." Id.

In support of this allegation, plaintiff alleges again that defendants never owned

or purchased the note, they never had a right or interest in the note, the sale was void and defendants improperly reported to the IRS that plaintiff had a tax obligation resulting from the debt owned at the time of the foreclosure.

Defendants argue that this claim is based on plaintiff's ownership argument and her assertion that the defendants did not comply with the Pooling and Service Agreements. In opposition, plaintiff states that BONY was not the noteholder and plaintiff owed no debt to BONY at the time of the non-judicial foreclosure. Plaintiff alleges that BONY was aware that they had no legal right to foreclose on the property and that plaintiff owed no debt to BONY. Plaintiff claims that she was damaged, because BONY foreclosed on her property and is still attempting to collect monies for a non-existent debt. As discussed above, the Court has determined that plaintiff has no standing to assert a claim that the defendants did not comply with the Pooling and Service agreement or to challenge the validity of the mortgage securitization. The Court has also determined that plaintiff's arguments that defendants did not own or purchase the note or did not have a right or interest in the note are irrelevant because BONY was the "holder" of the note at the time of the foreclosure and because the note was endorsed in blank, BONY was entitled to enforce it. Accordingly, the Court finds that because plaintiff has failed to show that the defendants used an illegal, improper or perverted use of process in the non-judicial foreclosure of the property at issue, plaintiff has failed to state a claim for Abuse of Process. Accordingly, defendants' Motion to Dismiss Count III is hereby **GRANTED**.

### 3. Negligent Misrepresentation[4]

In order to state a claim for negligent misrepresentation plaintiff must allege:

> (1) speaker supplied information in the course of his business or because of some other pecuniary interest; (2) due to speaker's failure to exercise reasonable care or competence in obtaining or communicating this information, the information was false; (3) speaker intentionally provided the information for the guidance of a limited group of persons in a particular business transaction; (4) listener justifiably relied on the information; and (5) that as a result of listener's reliance on the statement, he/she suffered a pecuniary loss.

Miller v. Big River Concrete, L.L.C., 14 S.W.3d 129,133 (Mo.App. 2000).

In the Amended Complaint, plaintiff alleges that BANA provided mailings to her stating that BONY was the holder of the note.  Plaintiff argues that BONY failed to comply with the Pooling and Service Agreements during the securitization process and thus they never owned or purchased the note.  Plaintiff asserts that BANA failed to exercise reasonable care or competence in communicating that BONY was the holder of the note and intentionally provided this information for the guidance of the collective defendants to pursue a wrongful foreclosure against her.  Plaintiff alleges that she relied on the information that BONY was the holder and has suffered damages.

Defendants argue that this claim is based on the Pooling and Service Agreements, which plaintiff has no standing to challenge and the ownership agreements, which are legally irrelevant.  In opposition, plaintiff alleges that BANA failed to exercise care and communicated false information to her that BONY held title or possession of title at the time of the foreclosure. However, this claim is also based on the ownership argument which the Court has previously rejected.  Accordingly, because

---

[4] The Negligent Misrepresentation claim is listed as Count One, although numerically it is the third count which plaintiff asserts against BANA.

the Court has determined that BONY was the "holder" of the note at the time of the foreclosure, there was no false information communicated to plaintiff and she cannot state a claim for negligent misrepresentation.

### 4. Count I -Declaratory Judgment

In her counts for Declaratory Judgment against BANA and BONY, plaintiff reasserts her allegations regarding failure to comply with the Pooling and Servicing Agreements and lack of title or possession of title. Plaintiff then requests that the Court set aside the non-judicial foreclosure.

Section 2201(a) of Title 28 provides in part:

> In a case of actual controversy within its jurisdiction, except with respect to Federal taxes . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. §2201(a). In the case In re MSP Aviation, LLC, 531 B.R. 795, 804 (D.Minn. June 5, 2015), the Court noted, "[a] declaratory judgment is a remedy, not a cause of action. See, e.g., Onvoy, Inc. v. ALLETE, Inc., 736 N.W.2d 611, 617-18 (Minn.2007)(a declaratory judgment action may be maintained only where there is a justiciable controversy); Buck v. American Airlines, Inc., 476 F.3d 29, 33 n.3 (1st Cir.2007)(noting that the Declaratory Judgement Act, 28 U.S.C.§ 2201 'creates a remedy, not a cause of action.')."

In the instant case, the Court finds that plaintiff has failed to state a claim for declaratory judgment. Plaintiff requested that the Court set aside the non-judicial foreclosure because of the alleged failures of defendants to comply with the Pooling & Service Agreements and also because they neither held the title nor had possession of

10

the title.  However, as discussed above, the Court has found that plaintiff had no basis

to challenge the foreclosure on these grounds.  Accordingly, plaintiff's claims for

declaratory judgment must also be dismissed.  See Lara v. Federal Nat. Mortg. Ass'n,

Civ. No. 13-676 (SRN/AJB), 2013 WL 3088728 at *3 (D.Minn. June 18, 2013)(finding

that were plaintiff had failed to state a substantive claim, the amended complaint also

failed to state a claim for declaratory judgment)(citing Weavewood, Inc. v. S&P Home

Invs.,LLC, 821 N.W.2d 576, [579] (Minn.2012)("A declaratory judgment is a 'procedural

device' through which a party's existing legal rights may be vindicated so long as a

justiciable controversy exists.")).  Accordingly, the Court hereby **GRANTS** defendants'

Motion to Dismiss Count I – Declaratory Judgment.

### B.  South's Motion to Dismiss

#### 1.  Count II - Wrongful Foreclosure/ Count I- Declaratory Judgment

Plaintiff alleges that South executed the non-judicial foreclosure as the trustee.

Plaintiff asserts that the non-judicial foreclosure was void for the same reasons

discussed above – failure to comply with the Pooling and Service Agreements during

the securitization process and also because the defendants never owned, purchased or

had a right or interest in the note.  For the reasons which were discussed above, the

Court finds that plaintiff lacks standing to assert a claim for wrongful foreclosure against

South, the trustee.  Because plaintiff has no standing to assert this claim, she also

cannot assert a claim for declaratory judgment.  Accordingly, defendant South's Motion

to Dismiss Counts I and II is hereby **GRANTED**.

#### 2.  Count III – Defamation

Plaintiff alleges that because BONY failed to comply with the Pooling and Service

11

Agreements, defendants did not have title or possession of title as trustee due to defects in the securitization process. Plaintiff asserts that defendant made written and on-line statements which contained false and defamatory statements that plaintiff was in default. Plaintiff alleges that defendant was negligent in making these statements and failed to use reasonable care as to the truth or falsity of the statements and she suffered damages. (Amended Complaint, ¶¶ 32-39).

In order to state a claim for defamation, plaintiff must allege: "1) publication, 2) of a defamatory statement, 3) that identifies the plaintiff, 4) that is false, 5) that is published with the requisite degree of fault, and 6) damages the plaintiff's reputation." Nigro v. St. Joseph Med. Ctr., 371 S.W.3d 808, 818 (Mo.App. 2012).

South states that the defamation claim should be dismissed because Missouri law does not impose any duty on trustees to investigate whether the sale is proper or not. South alleges that a trustee's duty is limited only to "conducting a fair and impartial foreclosure sale." Killion v. Bank Midwest, N.A., 987 S.W.2d 801, 813 (Mo.App.1998). In Hammond v. First Magnus Corp., No. 14-0032-CV-W-ODS, 2014 WL 1374826 (W.D.Mo. Apr. 8, 2014), the Court stated that "[p]laintiff has failed to raise a cause of action if they are alleging that [the trustees] failed to investigate the properties' titles because a trustee may proceed without investigating unless the trustee has actual knowledge of anything that would legally prevent the foreclosure." Id. at *3. In her suggestions in opposition, plaintiff acknowledges, "that Missouri law does not place a duty on a trustee to investigate the veracity of instructions it receives from a lender its successors and assigns." (Doc. # 86, p.4). However, plaintiff argues that this has no application to her causes of action because South was not the trustee at the time of

publication or non-judicial foreclosure.  In reply, South states that plaintiff has failed to

plead facts suggesting how it would or could have known about or suspected that BANA

and BONY had not complied with the Pooling and Service agreement or did not own the

note at the time of the foreclosure sale.  South states that plaintiff's acknowledgement

that South did not have a duty to investigate undermines all of her allegations against it.

The Court agrees and finds that plaintiff has failed to state a claim for defamation

against South.  Accordingly, South's Motion to Dismiss Count III – Defamation is hereby

**GRANTED**.

### C.  Plaintiff's Motion for Leave to Amend

On September 14 and 16, 2015, plaintiff filed four separate documents (Docs. #

162,165, 166 & 167).  In these various pleadings, plaintiff added additional counts

against the defendants currently named in the petition, removed other counts and

named an additional defendant.  Pursuant to the Scheduling and Trial Order, the

deadline for leave to either join additional parties or to amend the pleadings was August

3, 2015. The Court informed plaintiff in an order dated September 22, 2015 that the

pleadings would not be considered as either amending the petition or adding any

additional defendants. If she wished to file an Amended petition, plaintiff was directed to

file a motion asking for leave to do so and explaining the reasons she wished to amend

the petition and why the request to amend was not timely filed.

On September 25, 2015, plaintiff filed the present Motion for Leave to Amend

(Doc. # 191).  In the motion, plaintiff alleges that she has learned that the "promissory

note" at issue in this case is not in fact a promissory note because it does not adhere to

the Missouri statutes.  Instead, she alleges that the note is non-negotiable and is

13

considered a security pursuant to 15 U.S.C. §78c Section 10.  Additionally, plaintiff

alleges that she can now prove that she funded the loan with her own credit and

Countrywide Home Loans, could not have funded the loan because the National

Currency Act declares that a bank cannot lend its own credit.  Plaintiff also states that

she was unaware that she could exercise her rights under the Federal Truth in Lending

Act, 15 U.S.C. § 1635 and Regulation Z.

> In circumstances where a party seeks leave to amend a pleading
> outside the deadline established by the court's scheduling order, the party
> must satisfy the good cause standard of Rule 16(b)(4), rather than the
> more liberal standard of Rule 15(a).  Sherman v. Winco Fireworks, Inc.,
> 532 F.3d 709, 716 (8th Cir.2008). Under Eighth Circuit law, " a motion for
> leave to amend filed outside the district court's Rule 16(b) scheduling
> order requires a showing of good cause."  Williams v. Tesco Servs. Inc.,
> 719 F.3d 968, 977 (8th Cir.2013). In order to meet the "good cause"
> requirement, a party must establish "'diligence in attempting to meet the
> order's requirements.' "  Sherman, 532 F.3d at 716-17 (quoting Rahn v.
> Hawkins, 464 F.3d 813, 822 (8th Cir.2006)). In addition, leave to amend is
> properly denied when the proposed amendment would be futile.  See Zutz
> v. Nelson, 601 F.3d 842, 852 (8th Cir.2010). And a proposed amendment
> is deemed futile when "the district court reache[s] the legal conclusion that
> the amended complaint could not withstand a motion to dismiss under
> Rule 12(b)(6)."  Id. at 850 (citations omitted).

Wagner v. City of St. Louis Dept. of Public Safety, No. 4:12CV01901AGF, 2014 WL

3529678, *2 (E.D.Mo. July 16, 2014).

In the instant case, the Court finds that plaintiff has failed to meet the "good

cause" standard for amendment of her petition.  In Croskey v. County of St. Louis, No.

4:14CV00867ERW, 2015 WL 5885806, (E.D.Mo. Oct. 8, 2015), the Court stated that

"[g]ood cause requires a change in circumstance, law, or newly discovered facts. Hartis

v. Chicago Title Ins. Co., 694 F.3d 935, 948 (8th Cir.2012). 'The primary measure of

good cause is the movant's diligence in attempting to meet the order's requirements.'

Sherman [v. Winco Fireworks, Inc.], 532 F.3d at 716 (quoting Rahn v. Hawkins, 464

14

F.3d 813, 822 (8th Cir. 2006)).”

This case was removed on March 5, 2015. The Scheduling Order was entered on July 15, 2015, setting the deadline to join additional parties and to amend the pleadings as August 3, 2015, a date which had been agreed to and suggested by the parties. Plaintiff offers no explanation as to why she could not have filed her Motion to Amend before the August 3, 2015 deadline, other than a reference to the fact that she does not have a legal background and accepted the use of the term "promissory note" literally in reference to the case. She states that her "newly acquired knowledge and evidence" serves to further substantiate her original allegations and prove additional causes of action. However, as other courts have noted, a plaintiff's "pro se representation does not excuse [her] from complying with court orders or the Federal Rules of Civil Procedure." Salau v. Jones, No. 2:14-CV-04307-NKL, 2015 WL 5999781, *3 (W.D.Mo. Oct. 13, 2015). Although plaintiff alleges that she recently acquired this information, she does not allege that such information was unattainable or unknowable or that she could not have investigated these potential causes of action before the deadline. Accordingly, the Court finds that plaintiff has failed to show good cause for amending her petition.

However, even if the Court were to find that plaintiff had shown good cause, the Court finds that plaintiff's Motion to Amend should be denied because the proposed additional claims would be futile. In Witte v. Culton, No. 4:11CV02036ERW, 2012 WL 5258789 (E.D.Mo. Oct. 24, 2012), the Court stated, "[u]nder the liberal amendment policy of Rule 15(a), a district court's denial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the

15

moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated. Roberson v. Hayti Police Dept., 241 F.3d 992, 995 (8th Cir.2001)." Id. at *2.

Plaintiff seeks leave to amend her petition to claim that her Adjustable Rate Note is not a promissory note under the UCC. Missouri law clearly provides that a note is a negotiable instrument under Missouri law. See Fannie Mae Mortg. Ass'n. v. Conover, 428 S.W.3d 661, 669 (Mo.App. 2015). Thus, it would be futile to allow plaintiff to assert a claim which is contrary to Missouri law.

Plaintiff also seeks leave to amend her petition to assert that "Countywide Home Loans, Inc. (dba America's Wholesale Lender) did not fund the loan because such would have been in violation of The National Currency Act, 12 U.S.C. §§ 27, 28 & 53, which declares that a bank cannot lend its own credit." (Proposed Amended Petition, ¶ 8). Section 27 of the National Banking Act relates to certificates of authority to commence banking. Section 28 of the statute has been repealed and Section 53 states only that "all of the capital stock of every national banking association shall be paid in before it shall be authorized to commence business." 12 U.S.C. § 53. The Court finds that none of these sections describe a cause of action which plaintiff may assert against a financial institution. Additionally, as in Taylor v. Ocwen Loan Servicing, LLC, No. 2:12-CV-107-SA-JMV, 2013 WL 494076, *4 (N.D.Miss. Feb. 7, 2013) vacated in part on other grounds, 2014 WL 280399 (N.D.Miss. Jan. 24, 2014),"[plaintiff] provides no case law or supporting facts to show that she has a private right to sue Defendants under the National Currency Act." Thus, the Court finds that it would be futile to allow plaintiff to amend her petition to assert a claim under this statute.

16

Plaintiff also seeks leave to add a claim under the Federal Truth in Lending Act, 15, U.S.C. § 1635 and Regulation Z, arguing that she rescinded the loan by rescinding her signature from the Deed of Trust due to lack of full disclosure and fraud.  As the Court in Taylor explained:

> The TILA is a federal consumer protection statute that provides consumers with a cause of action against creditors who fail to make required disclosures. 15 U.S.C. §§ 1601 et seq.  However, Section 1635, which allows the remedy of rescission, does not apply to 'residential mortgage transactions.' See 15 U.S.C. § 1635 (e).  Furthermore, TILA claims for rescission are subject to a three year statue of repose.  15 U.S.C. §§ 1635(f). This limitations period is not subject to equitable tolling.

Id. at *3. In the instant case, plaintiff closed her loan on February 15, 2005, over ten years ago.  The same three year period also applies to claims under Regulation Z. See Hartman v. Smith, 734 F.3d 752,758 (8th Cir. 2013). Therefore, the Court also finds that it would be futile to allow plaintiff to amend her petition to assert any claims under these statutes.

Plaintiff also attempts to assert claims against the defendants for constructive fraud, telecommunications fraud, mail fraud, fraud by conversion and fraud by inducement.  Fed.R.Civ.P. 9(b) states in part: "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  In Wivell v. Wells Fargo Bank, N.A., 773 F.3d 887 (8th Cir.2014), the Court noted:

> "To satisfy the particularity requirement of Rule 9(b), the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result." United States ex rel Joshi v. St. Luke's Hosp., Inc., 441 F.3d 552, 556 (8th Cir.2006). "Put another way, the complaint must identify the 'who, what, where, when and how' of the alleged fraud." Id. (quoting United States ex rel. Costner v. URS Consultants, Inc., 317 F.3d 883, 888 (8th Cir.2003)).

Id. at 898.  In the instant case, plaintiff's proposed amended petition is completely

devoid of any of the specifics relating to her fraud claims.  Accordingly, the Court finds

that it would be futile to allow plaintiff to amend her petition, because she has not

sufficiently plead any of her fraud claims against the defendants.

## IV. CONCULSION

Accordingly, because the Court has determined that plaintiff's amended petition fails to

state any claims against the defendants.  The Court hereby **GRANTS** Defendant

South's Motion to Dismiss (Doc. # 71); **GRANTS** BANA and BONY's Motion to Dismiss

(Doc. # 74); **DENIES AS MOOT** plaintiff's motions in limine (Docs. 116,117,118,119 and

126); **DENIES AS MOOT** BONY and BANA's Motions to Stay Briefing on the Motions in

Limine (Doc. # 158, 160); **DENIES AS MOOT** BANA's Motion for Extension of Time to

File Response to Plaintiff's Interrogatories (Doc. # 159); **DENIES AS MOOT** Plaintiff's

Motions to Compel Discovery (Doc. # 179, 182, 210, 215, 227, 244); **DENIES AS**

**MOOT** plaintiff's Motion for In Camera Inspection (Doc. # 181), **DENIES** plaintiff's

Motion for Leave to  Amend (Doc. #191); **DENIES** plaintiff's Motion for Reconsideration

(Doc. # 198) and **GRANTS** BONY's Motion to Substitute Attorney (Doc. # 121).


Date:  <u>December 8, 2015</u>              **S/ FERNANDO J. GAITAN**, **JR.**
Kansas City, Missouri                 Fernando J. Gaitan, Jr.
                                      United States District Judge


18